# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MICHAEL WILKINS,<br><br>Petitioner,<br><br>v.<br><br>BRANDON PRICE,<br><br>Respondent. | Case No.: 1:19-cv-00291-LJO-JLT (HC)<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS [Doc. 13]<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S MOTION FOR STAY OF PROCEEDINGS [Doc. 15]<br><br>[TWENTY-ONE DAY DEADLINE] |

On June 10, 2019, Respondent filed a motion to dismiss contending that this Court should abstain from addressing Petitioner's claims for relief and dismiss the habeas petition without prejudice. (Doc. 13.) Petitioner filed an opposition to the motion on June 20, 2019. (Doc. 14.) Subsequently, Petitioner filed a request to stay the state court proceedings on July 24, 2019. (Doc. 15.) Respondent filed an opposition to the request to stay on August 14, 2019. (Doc. 17.) The Court recommends that Respondent's motion to dismiss be GRANTED and Petitioner's motion for a stay be DENIED.

**DISCUSSION**

I.    State Procedural Background

On March 3, 2009, the district attorney's office for the County of Sacramento filed a petition in

1

state court to designate Petitioner as a sexually violent predator pursuant to California Welfare and Institutions Code § 6600 et seq. (Doc. 13 at 18-21.) On March 27, 2009, pursuant to California Welfare and Institutions Code § 6601.5, the court reviewed the petition and found probable cause to believe that Petitioner is likely to engage in sexually violent predatory criminal behavior upon his release. (Doc. 13 at 23.) The court ordered Petitioner to be detained in a secure facility until a hearing pursuant to California Welfare and Institutions Code § 6602 could be held. (Doc. 13 at 23.) On August 12, 2009, the court found probable cause to believe that Petitioner is likely to engage in sexually violent predatory criminal behavior upon his release and ordered that he be transported to Coalinga State Hospital to be detained in a secure facility pending trial. (Doc. 13 at 25.) The case has been continued numerous times since then. (Doc. 13 at 10-16.)

In April 2018, Petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court. (Doc. 13 at 2.) The superior court denied the petition on June 27, 2018 and held that Petitioner is not entitled to habeas relief because he had an available remedy in the trial court. (Doc. 13 at 27.) The superior court rejected Petitioner's claim that the SVP commitment violated the terms of his plea bargain. (Doc. 13 at 27.)

Petitioner thereafter filed a petition for writ of habeas corpus with request for stay in the California Court of Appeal, Third Appellate District on July 27, 2018. (Doc. 13 at 29.) On August 2, 2018, the Third DCA denied the petition for failure to raise the claims in the superior court in the first instance. (Doc. 13 at 29-30.) The Third DCA noted that Petitioner could file a habeas corpus petition raising the same contentions in the superior court and added that Petitioner could also file a Marsden[1] motion to request to replace his appointed counsel. (Doc. 13 at 29-30.)

Petitioner then filed a petition for writ of habeas corpus with request for stay in the superior court. (Doc. 13 at 32.) On September 19, 2018, the superior court denied the petition. (Doc. 13 at 32-33.) First, the court rejected Petitioner's claim that there was no probable cause hearing, stating that "[a] review of the records demonstrates that on August 12, 2009, a Judge of the Superior Court entered an order finding probable cause to that [sic] Petitioner was likely to engage in sexually violent

---

[1] People v. Marsden, 2 Cal. 3d 118 (1970).

predatory criminal behavior upon his release and ordered his civil commitment." (Doc. 13 at 33.) The superior court observed that recommitment proceedings remained pending in the trial court and trial remedies were available to address Petitioner's claims. (Doc. 13 at 33.)

On November 1, 2018, Petitioner returned to the Third DCA and filed a second petition for writ of habeas corpus with request for stay. (Doc. 13 at 35.) On November 15, 2018, the Third DCA denied the petition without prejudice to Petitioner filing a <u>Marsden</u> motion in the trial court. (Doc. 13 at 35-37.)

On November 29, 2018, Petitioner filed a petition for review with application for stay in the California Supreme Court. (Doc. 13 at 39-41.) On February 20, 2019, the court denied the petition and application for stay. (Doc. 13 at 39-41.)

On March 4, 2019, Petitioner filed the instant federal habeas petition in this Court. (Doc. 1.) On June 10, 2019, Respondent filed a motion to dismiss contending that this Court should abstain from addressing Petitioner's claims for relief and dismiss the habeas petition without prejudice. (Doc. 13.) Petitioner filed an opposition to the motion on June 20, 2019. (Doc. 14.) Respondent did not file a reply to the opposition. Subsequently, Petitioner filed a request to stay the state court proceedings. (Doc. 15.) Respondent filed an opposition to the request to stay on August 14, 2019. (Doc. 17.)

II.     Motion for Stay

A district court has discretion to stay a mixed petition and allow a petitioner to return to state court to exhaust state remedies. <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005). However, the Supreme Court has held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). <u>Id</u>. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances." <u>Id</u>. at 277. Specifically, the Court said a stay is appropriate only when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims are not "plainly meritless" and (3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay." <u>Id</u>. at 277-78; <u>Robbins v. Carey</u>, 481 F.3d 1143, 1149 (9th Cir. 2005). When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. <u>Rhines</u>, 544 U.S. at 278.

In his motion to stay, Petitioner argues that this Court should intervene to stay the proceedings

3

in state court during the pendency of this habeas proceeding. (Doc. 15 at 2.) However, although this Court has discretion to stay a habeas petition filed in this Court, this Court does not have the authority to stay the state court proceedings. Accordingly, Petitioner's motion for a stay is DENIED.

III.     Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

A respondent may file a motion to dismiss in lieu of an answer if it attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp.1189, 1194 & n.12 (E.D. Cal. 1982) (same).

IV.     Younger Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994).  The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

The law of habeas corpus also provides guidance on when a district court should abstain from review of a claim.  To be granted federal habeas corpus relief, the petition must have exhausted his available state remedies.  28 U.S.C. § 2254(b).  The rule of exhaustion is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional

deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991). The exhaustion requirement can be satisfied by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971)

First, the parties agree that state SVPA commitment proceedings are ongoing. Respondent notes that the case is currently pending trial in the California Superior Court, Sacramento County, and Petitioner also acknowledges the pending state court proceedings. (Doc. 13 at 1; Doc. 1 at 2-3, 11-12). Thus, the first condition is met. See Beltran, 871 F.2d at 782 (for purposes of Younger abstention analysis, the pendency of state proceedings is determined "at the time the federal action was filed").

Second, the Court agrees with Respondent that SVPA commitment proceedings implicate important state interests, namely, the protection of the public from sexually violent offenders, and treatment for those offenders. See Hubbart v. Superior Court, 19 Cal. 4th 1138, 1153, n.20, 81 Cal. Rptr. 2d 492, 969 P.2d 584 (1999) (SVPA proceedings serve "compelling" state interests of protecting the public and providing needed mental health treatment); Dannenberg v. Nakahara, 1998 U.S. Dist. LEXIS 14988, 1998 WL 661467 at *2 (N.D. Cal.) ("[SVPA] commitment proceedings involve the important state interest of protecting the public from sexual predators.") (citation omitted); MacKenzie v. Ahlin, 2015 U.S. Dist. LEXIS 92154, 2015 WL 4339370, at *2 (C.D. Cal. July 13, 2015) (same); Addington v. Texas, 441 U.S. 418, 426 (1986) ("The state has a legitimate interest under its *parens patriae* powers in providing care to its citizens who are unable because of emotional disorders to care for themselves; the state also has authority under its police power to protect the community from the dangerous tendencies of some who are mentally ill."). Therefore, the second component is satisfied.

Third, abstention is appropriate because California SVPA proceedings provide an adequate opportunity to raise constitutional challenges. Under this third Younger criterion, abstention is required unless a petitioner can demonstrate that state law "clearly bars" the assertion of his federal constitutional claims in the pending SVPA proceedings. See Middlesex, 457 U.S. at 432 (citation omitted).

Petitioner argues that there are special circumstances in this case that constitute an exception to Younger. (Doc. 14 at 2-3.) Petitioner claims that he has been denied due process of law because of the delay of his trial and this constitutes an exception to Younger abstention. (Doc. 14 at 3.) Although

Petitioner states that he is not claiming a violation of his speedy trial rights in his opposition to the motion to dismiss (Doc. 14 at 3), he asserts such claims in his petition (Doc. 1 at 12-13). Petitioner claims that because of the delay he cannot get a fair trial. (Doc. 14 at 3.) Petitioner is correct that a person who is in state custody awaiting a state court determination of the legality of his custody may seek relief without being barred by Younger if federal intervention is necessary to prevent the challenge from becoming moot, such as where a petitioner complains of being denied his right to a speedy trial. Braden v. 30th Judicial Circuit Court, (1973). However, those concerns are not at issue here.

Petitioner is not seeking to compel a trial here. He is seeking to avoid one. He is requesting that the Court dismiss the state SVPA proceedings and order his release from custody unconditionally. In Braden, the petitioner sought "only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him properly to trial." Braden, at 489-90. The Supreme Court in Braden stressed the importance of this distinction:

> (P)etitioner made no effort to abort a state proceeding or to disrupt the orderly functioning of state judicial processes. He comes to federal court, not in an effort to forestall a state prosecution, but to enforce the Commonwealth's obligation to provide him with a state court forum.
>
> We emphasize that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.

Id. at 491. Thus, to the extent that Petitioner is asserting any speedy trial claim, it does not qualify as an exception to Younger.

Petitioner further complains that the delay itself constitutes an extraordinary circumstance. As Respondent correctly points out, "a claimed speedy trial violation does not 'suffice[] in and of itself as an independent "extraordinary circumstance" necessitating pre-trial habeas consideration.'" Brown v. Ahern, 676 F.3d 899, 901 (9th Cir. 2012). Furthermore, as Respondent notes, Petitioner makes no allegation that he has ever objected to a request for a continuance by the prosecution or that he has otherwise demanded that his case go to trial forthwith. (Doc. 13 at 7.) Petitioner argues that the only reason he agreed to continuances was because he feared being forced to proceed to trial with an attorney unprepared to effectively represent him. (See Doc. 1 at 27-35.) The Court does not find this argument credible. As noted by Respondent, Petitioner could have sought to move for substitution of

counsel, as he was advised to do by both the state superior court and California Court of Appeal. (Doc. 13 at 7, 29-37); see Williams v. King, 696 Fed. Appx. 283, 284 (9th Cir. 2017) ("It would violate the principles behind Younger abstention to grant Williams's requested relief—release from state custody, without ever having a civil commitment trial—after he created the alleged 'extraordinary circumstances' he now faces.").

In a recent case, Page v. King, No. 17-16364, 2019 U.S. App. LEXIS 23194 (9th Cir. Aug. 2, 2019), the Ninth Circuit vacated judgment dismissing based on Younger abstention a habeas petition in which the petitioner there, Page, had been detained for thirteen years awaiting trial for recommitment under the SVPA. In that case, after the state court found probable cause to detain Page pretrial in May 2006, the case was repeatedly continued. Id. at *2-3. Some continuances were for the purpose of permitting parties to litigate defense motions, and one of the defense motions sought a new probable cause hearing, new mental health evaluations and new mental health evaluators. Id. at *4. The court granted the motion for new evaluations and a new probable cause hearing and continued the case to allow the new evaluations to take place:

> Four mental health professionals were retained to perform the new evaluations. The first two evaluators disagreed as to whether Page met SVP criteria, necessitating two additional evaluators, who also disagreed. In the end, two evaluators, including one that had recommended recommitment in 2006, concluded that Page no longer met SVP criteria. They based their determinations in part on Page's lengthy pretrial detention, reasoning that he had aged and had not committed any further sexual or violent acts. The two other evaluators came to the opposite conclusion, finding that Page continued to meet SVP criteria. One of those evaluators diagnosed Page with Paraphilia NOS.

Id. at *4-5.

The case was then continued so that defense motions related to the new evaluations could be filed, briefed and decided. Id. at *5. On July 26, 2013, the state requested a continuance to file a motion based on Reilly v. Superior Court, 57 Cal. 4th 641 (Cal. 2013), which called into question Page's entitlement to a new probable cause hearing. Id. Defense counsel then sought several continuances to respond to the state's Reilly motion. Id. On April 18, 2014, the court granted the Reilly motion and rescinded its prior order calling for a new probable cause determination. Id. Subsequently, the case was repeatedly continued to allow defense counsel to litigate additional motions. Id.

In his federal habeas petition in that case, "[Page] alleged that his due process rights were violated by the state court when it based its pretrial detention probable cause finding on pseudoscience; by the prosecution when it introduced pseudoscientific evidence at the probable cause hearing; and by the state when it continued to detain him based on the 2006 probable cause finding even though the 2012 evaluations suggested that the 2006 evaluations had become outdated." Id. at *6. The Northern District of California abstained under Younger, and the Ninth Circuit vacated and remanded. Id. On remand, the case was transferred to this Court, which again abstained under Younger.

Page did not dispute that Younger abstention can apply to ongoing SVPA proceedings, but the Ninth Circuit considered two grounds offered by Page for why this Court erred in abstaining under Younger given the facts and circumstances of that case. Id. at *7. The Ninth Circuit found that Page's first contention that his SVPA case has been stalled for so long that it is no longer "ongoing" for purposes of Younger to be irreconcilable with the court's precedents. Id. at *8.

Page's next argument was that the exception that federal courts should not abstain under Younger in "extraordinary circumstances where irreparable injury can be shown" applied in his case. Id. at *8-9. The Ninth Circuit discussed that the delay in bringing Page's SVPA case to trial is not an extraordinary circumstance under Younger because the delay in bringing Page's SVPA case to trial is primarily attributable to defense counsel's litigation efforts, not the state court's ineffectiveness, and an end to the state court proceedings is in sight. Id. at *9-10. The court also noted that Page's reliance on speedy trial cases was misplaced. Id. at *10-11.

Citing Arevalo v. Hennessy, 882 F.3d 763, 764, 766-67 (9th Cir. 2018), the Ninth Circuit held that "Younger does not 'require[ ] a district court to abstain from hearing a petition for a writ of habeas corpus challenging the conditions of pretrial detention in state court' where (1) the procedure challenged in the petition is distinct from the underlying criminal prosecution and the challenge would not interfere with the prosecution, or (2) full vindication of the petitioner's pretrial rights requires intervention before trial." Id. at *11. The Ninth Circuit determined that in that case, Arevalo's claims satisfied both grounds for overcoming Younger abstention. Id. In applying these factors to Page, the Ninth Circuit stated:

> Here, Page alleges that the state is violating his due process right not to be detained pretrial based on a stale and scientifically invalid probable cause determination and that his complete loss of liberty for the time of pretrial detention is "irretrievable" regardless of the outcome at trial. If Page is right, then regardless of the outcome at trial, a post-trial adjudication of his claim will not fully vindicate his right to a current and proper pretrial probable cause determination. His claim therefore "fits squarely within the irreparable harm exception" to Younger that we applied in Arevalo. Id. at 766.

Id. at *13. The Ninth Circuit concluded that Page's claim satisfied both of the grounds set forth in Arevalo for overcoming Younger abstention. Id. at *13-14.[2]

The Ninth Circuit's analysis in concluding that Page's claim fit into the irreparable harm exception hinged on the invalid probable cause determination. This case is distinguishable because there was no such issue with the probable cause determination. To the contrary, following a full probable cause hearing, the superior court found probable cause that Petitioner meets the criteria for commitment. (Doc. 13 at 25.) There is no invalid probable cause determination at issue in this case. As Respondent points out, the district attorney's office for the County of Sacramento has a reasonable expectation of obtaining a valid SVPA commitment given the probable cause finding by the superior court. (Doc. 13 at 7.)

Additionally, Petitioner's claim would not satisfy either of the grounds set forth in Arevalo. First, the procedure challenged in the petition is not distinct in this case from the underlying criminal prosecution. The Ninth Circuit noted that the probable cause determination discussed in Page is not directed at the state prosecutions as such, but at the legality of pretrial detention. Id. at *11-12. The Ninth Circuit discussed that this is an issue that could not be raised in defense of the criminal prosecution and federal court review could not prejudice the conduct of the trial on the merits. However, in this case, there is no challenge to the probable cause determination. Instead, Petitioner is requesting this Court to direct the state court to dismiss the SVPA proceedings and order Petitioner's release from custody for due process violations unrelated to the probable cause determination. As stated above, the superior court did in fact find probable cause that Petitioner meets the criteria for commitment after a full probable cause hearing, and this finding is not challenged. Accordingly, there

---

[2] Although the Ninth Circuit found that this Court erred in abstaining under Younger, the Ninth Circuit also noted that Page's due process claim may be doomed unless he is permitted to amend to allege a Fourth Amendment violation. It is unclear what relief Page could be entitled to on remand if any.

9

is no issue with the legality of pretrial detention in this case as there was in Page. Additionally, it is not the case here that Petitioner would be irreparably deprived of his rights. A post-trial ruling here would not come too late, as the Petitioner would not have been irreparable deprived of his rights in this case. There is no such invalid probable cause determination resulting in unconstitutional pretrial detention and irreparable harm to Petitioner.

Accordingly, it is appropriate for this Court to abstain from considering Petitioner's challenges to the pending SVPA proceedings and to dismiss the habeas petition and this action without prejudice. See Babinski v. Voss, 323 Fed.Appx. 617 (9th Cir. 2009) (affirming dismissal on Younger abstention grounds of habeas petition challenging ongoing California SVPA proceedings); see also, e.g., Valdivia v. Unknown, 2015 U.S. Dist. LEXIS 46162, 2015 WL 1565435, *1-*2 (C.D.Cal. Apr. 8, 2015) (John Walter, J.) (holding that Younger doctrine called for Court to abstain from exercising jurisdiction over state prisoner's wholly unexhausted habeas petition); Hooper-Turner v. Folsom Women's Facility, 2014 U.S. Dist. LEXIS 43929, 2014 WL 1292102, *1-*2 (C.D.Cal. Mar. 27, 2014) (Audrey Collins, J.) (same); Romero v. Lewis, 2010 U.S. Dist. LEXIS 139647, 2010 WL 5579886, *3 (C.D.Cal. Dec. 8, 2010) (same).

Moreover, the U.S. Supreme Court has held that federal courts *can* abstain in cases that present a federal constitutional issue, but which can be mooted or altered by a state court determination. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813-14, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976); County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89, 79 S. Ct. 1060, 3 L. Ed. 2d 1163 (1959); see also Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716-17, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996). In determining whether it should abstain, a federal court should consider problems which can occur when two courts assume jurisdiction over the same claim— the inconvenience of the federal forum, the avoidance of piecemeal litigation, and the order in which the parties filed the state and federal proceedings. Colorado River, 424 U.S. at 818-19. "Only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction of habeas corpus until after the jury comes in, judgment has been appealed from, and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972). The special circumstances that may warrant pretrial federal habeas intervention include harassment, bad faith

prosecutions and other circumstances where irreparable harm can be proven. Carden v. State of Montana, 626 F.2d 82, 83-84 (9th Cir. 1980).

The matter is ongoing and pending an initial resolution in the California courts. Thus, in essence, Petitioner is asking this Court to step into the middle of a state civil commitment proceeding and overturn a state court's preliminary determination of dangerousness. The court declines to do so and will abstain under Younger. The state civil commitment proceedings that are pending are judicial in nature, and the proceedings involve the important state interest of protecting the public from sexual predators. Dannenberg v. Nakahara, 1998 U.S. Dist. LEXIS 14988, 1998 WL 661467 (N.D. Cal.); see MacKenzie v. Ahlin, 2015 U.S. Dist. LEXIS 92154, 2015 WL 4339370, at *2 (C.D. Cal. July 13, 2015).

As noted in Dannenberg, "there is no indication that California's civil commitment proceedings for sexually violent predators do not permit [Petitioner] an adequate opportunity to raise the constitutional issue" which Petitioner raises in this court. 1998 U.S. Dist. LEXIS 14988, [WL] at *2. Abstention is justified in this instance because Petitioner may be found to not be an SVP at trial, or on appeal, and the issues he has raised in the instant federal petition would then be moot.

Further, if committed, Petitioner may argue on appeal that his commitment was in violation of the law, e.g., that the delay in bringing the commitment proceedings violated his federal due process rights. The Court also notes that the dismissal of Petitioner's instant habeas claim does not prejudice any constitutional claim that Petitioner may bring after a trial on the merits of his SVP status. Under the rationale of Younger, the petition shall be dismissed, without prejudice to re-filing after the civil commitment proceedings, including any appeal, are completed. Thus, the principles outlined in Younger are applicable and Petitioner has made no showing of extraordinary circumstances to justify this Court to interfere. See e.g., Milinich v. Babcock, 2003 U.S. Dist. LEXIS 6805, 2003 WL 1936124 (N.D. Cal.) (exercising abstention before trial on civil commitment had occurred). Petitioner's case presents no special circumstances sufficient to justify federal intervention. Petitioner has not alleged harassment or bad faith on the part of the prosecution, nor has Petitioner demonstrated that sufficient irreparable injury will occur if Petitioner is to remain committed pending trial.

Therefore, the Court finds all three criteria are satisfied, and no exception to <u>Younger</u> exists. The Court recommends abstaining from interfering in state proceedings pursuant to <u>Younger</u>.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss be GRANTED, Petitioner's motion for a stay be DENIED, and the petition be DISMISSED WITHOUT PREJUDICE.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to objections must be filed within ten court days of the date of service of any objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are forewarned that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 3, 2019**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE