UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MICHAEL WILKINS,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>BRANDON PRICE,<br><br>　　　　　Respondent. | No. 1:19-cv-00291-LJO-JLT (HC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (DOC. NO. 18)**<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (DOC. NO. 13)**<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER DENYING PETITIONER'S MOTION FOR STAY OF PROCEEDINGS (DOC. NO. 15)**<br><br>**ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE**<br><br>**ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On September 4, 2019, the Magistrate Judge assigned to the case issued Findings and Recommendation to grant Respondent's motion to dismiss and deny Petitioner's motion for stay. (Doc. No. 18.) This Findings and Recommendation was served upon all parties and contained notice that any objections were to be

1

filed within twenty-one days from the date of service of that order. On September 19, 2019, Petitioner filed objections to the Magistrate Judge's Findings and Recommendations. (Doc. No. 19.)

In the objections, Petitioner argues that the incorrect standard was applied. (Doc. 19 at 4-6.) However, the Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2). Regardless, under Younger abstention, the Court should abstain.

Petitioner continues to contend that Younger abstention does not apply to this case. (Doc. 19 at 9-11.) However, as thoroughly discussed in the Findings and Recommendation, all three criteria for Younger abstention are satisfied, and no exception to Younger exists. (Doc. 18 at 4-12.) It is appropriate for this Court to abstain from considering Petitioner's challenges to the pending SVPA proceedings. See Babinski v. Voss, 323 Fed.Appx. 617 (9th Cir. 2009) (affirming dismissal on Younger abstention grounds of habeas petition challenging ongoing California SVPA proceedings).

Petitioner also raises the contention that the petition is not a mixed petition. (Doc. 19 at 11.) However, regardless of whether the petition is a mixed petition, it is appropriate for this Court to abstain from considering Petitioner's challenges to the pending SVPA proceedings. There is an ongoing state proceeding regardless of whether the claims are exhausted or not.

Petitioner also belatedly raises a new claim for relief in the objections, specifically, that Petitioner has been denied the equal protection of law, creating a "class of one." (Doc. 19 at 6-9.) Because Petitioner failed to raise this claim in his petition, the court should disregard the claim. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (a traverse is not the proper pleading to raise additional grounds for relief). However, subsequent case law holds that a district court "has discretion, but is not required," to consider evidence and claims raised for the first time in objections to a magistrate judge's report. United States v. Howell, 231 F.3d 615, 621

(9th Cir. 2000); see also Brown v. Roe, 279 F.3d 742, 745 (9th Cir. 2002) (remanded for district court to exercise discretion whether to review new claim raised in objections). The district court must, however, "actually exercise its discretion" and not merely accept or deny the new claims. Howell, 231 F.3d at 622. In light of this discretion, the court will review this claim.

Because Petitioner did not include the new claim in his petition filed in the California Supreme Court, the new claim is unexhausted. However, a court may dismiss a claim on the merits notwithstanding a petitioner's failure to fully exhaust state judicial remedies. 28 U.S.C. § 2254(b)(2); Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005) (federal court considering a habeas petition may deny an unexhausted claim on the merits when it is clear that the claim is not colorable).

The Fourteenth Amendment's Equal Protection Clause is "essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Petitioner can establish an equal protection claim by showing that the Respondent intentionally discriminated against Petitioner based on his membership in a protected class, see Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were treated differently without a rational basis for the difference in treatment. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Petitioner makes no claim that he is a member of a protected class. Therefore, to state an equal protection claim under the latter theory, Petitioner must allege that (1) he was intentionally treated differently from other similarly situated individuals; and (2) there is no rational basis for the difference in treatment. See Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601 (2008). In this case, Petitioner has failed to either provide any basis for showing either that he was intentionally treated differently than others similarly situated or that there was no rational basis for the difference in treatment. Thus, he is not entitled to federal habeas relief under an equal protection theory.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a de novo review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is

supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.

In addition, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). A successive petition under 28 U.S.C. § 2255 that is disguised as a § 2241 petition required a certificate of appealability. Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008); Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve

4

encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

Accordingly, the Court orders as follows:

1. The Findings and Recommendations, filed September 4, 2019 (Doc. No. 18), is ADOPTED IN FULL;
2. Respondent's motion to dismiss (Doc. No. 13) is GRANTED;
3. Petitioner's motion for stay (Doc. No. 15) is DENIED;
4. The petition for writ of habeas corpus is DISMISSED;
5. The Clerk of Court is DIRECTED to ENTER JUDGMENT and close the file; and,
6. The Court DECLINES to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated: **October 28, 2019**        /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE